**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JALIL ALI, o/b/o RAY L. ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-52-CDP |
| | ) | |
| WAYNE PEACOCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me upon the motion of Jalil Ali, an individual who attempts to proceed *pro se* on behalf of one Ray L. Alexander, for leave to bring this civil action without payment of the civil filing fee. For the reasons explained below, the motion will be denied, and this case will be dismissed without prejudice to refiling by an attorney licensed to practice in this United States District Court.

**The Complaint**

Ali initiated this civil action on January 12, 2021 by filing a civil complaint on behalf of one Ray L. Alexander against Wayne Peacock d/b/a USAA; Chris Cartwright d/b/a TransUnion; Jonathan Price d/b/a Innovis; and Brian Herb d/b/a Experian.[1] Alexander did not sign the complaint or the motion seeking leave to proceed without payment of the filing fee, he did not file his own motion seeking such leave, and he has not otherwise appeared in this matter. Ali does not indicate, nor is it apparent, that he is an attorney licensed to practice in this United States District Court, nor does he specifically aver that Alexander has authorized the filing of this

---

[1] This action is the third of three similar civil actions Ali has initiated on Alexander's behalf in this Court to date. The two earlier-filed cases are *Ali v. Herb,* No. 4:20-cv-1572-DDN (E.D. Mo. Nov. 3, 2020) and *Ali v. Shelton, et al.*, No. 4:20-cv-1703-NAB (E.D. Mo. Nov. 30, 2020).

civil action. Ali does not identify his relationship to Alexander, nor does he state Alexander is incompetent to bring this action on his own behalf.

The complaint does not assert Ali's legal rights or interests. Instead, it asserts Alexander's legal rights and interests. It is therefore clear that Ali's intent is to bring this action solely on Alexander's behalf.[2] Briefly, Ali alleges that defendant USAA violated the Fair Credit Reporting Act by providing false information regarding an American Express account, despite the fact that Alexander had paid in full and closed the account. Ali further alleges that the consumer credit bureau defendants in turn failed to follow federal law concerning compliance and investigation of accuracy. Ali states he seeks equitable and monetary relief in Alexander's favor.

## Discussion

While federal law provides that "parties may plead and conduct their own cases personally," 28 U.S.C. § 1654, a non-attorney may not represent the interests of another person in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986). Ali therefore may not represent Alexander's interests in this action. Even if Ali had alleged Alexander's incompetence and moved for appointment as next friend, he would be required to obtain representation by counsel before such appointment could be granted. Additionally, nothing before me indicates that Alexander has authorized the filing of this action. It is therefore

---

[2] Even if Ali could be understood to bring this action on his own behalf, there would be no basis to conclude he has met his burden of demonstrating his standing under Article III of the United States Constitution. To do so, he would be required to demonstrate, *inter alia*, that he suffered an injury in fact. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992), *Young America Corp. v. Affiliated Computer Services (ACS), Inc.*, 424 F.3d 840, 843 (8th Cir. 2005). A plaintiff "cannot rest his claim to relief on the legal rights or interests of third parties," and instead must "assert his own legal rights and interests." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Here, because Ali's claim to relief rests solely upon Alexander's legal rights or interests, he would be unable to demonstrate standing. "[I]f a plaintiff lacks standing, the district court has no subject matter jurisdiction." *Young America Corp.,* 424 F.3d at 843 (quoting *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 801 (8th Cir. 2002)).

apparent this action is not properly before this Court, and I will dismiss it without prejudice to being refiled by an attorney licensed to practice in this United States District Court.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice to being refiled by an attorney licensed to practice in this United States District Court. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Jalil Ali's motion for leave to proceed without payment of the filing fee (ECF No. 2) is **DENIED**.

Dated this 18th day of February, 2021.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE